UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM OWTEN,<br><br>    Petitioner,<br><br>  v.<br><br>DANIEL PARAMO, Warden,<br><br>    Respondent. | Case No.: 1:15-cv-01220-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

In this action, Petitioner challenges his 2011 conviction of assault on a peace officer and the resulting sentence, under the "Three Strikes" law of 100 years to life. (Doc. 1, p. 17).

**I.    PROCEDURAL HISTORY**

    A.   <u>Preliminary Review Of Petition.</u>

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a

prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485, 93 S. Ct. 1827 (1973); Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003)("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

  B. <u>Failure to State A Cognizable Federal Habeas Claim</u>.

  The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

  Here, Petitioner does not allege a violation of the U.S. Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254. To the contrary, Petitioner's claims that the state court improperly interpreted the statutory definition of a predicate "strike" for sentencing purposes and improperly denied his motion to dismiss prior strikes in the interests of justice raise only state law claims, and, generally, issues of state law are not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67 (1991)("We have stated many times that

1 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S.
2 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-349 (1993)(O'Connor, J., concurring)("mere
3 error of state law, one that does not rise to the level of a constitutional violation, may not be corrected
4 on federal habeas").  Indeed, federal courts are bound by state court rulings on questions of state law.
5 Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).

      Here, Petitioner has included a copy of the order by the California Court of Appeal denying his state habeas petition. In that order, the state appellate court states that People v. Vargas, upon which Petitioner relies for his legal argument on the definition of a "strike," "does not apply to petitioner's case." (Doc. 1, p. 31). The appellate court notes that Petitioner's challenge to the denial of his motion to dismiss strikes "has been conclusively decided by this court…." (Id.).

      Nowhere in his petition, does Petitioner refer to the U.S. Constitution, to a violation of federal constitutional rights or to any federal authority. Likewise, the Court fails to see a valid legal basis for a federal constitutional claim. Notably, claims raising sentencing errors under state law, generally, are <u>not</u> cognizable on federal habeas review, unless the petitioner claims a deprivation of due process or equal protection based upon the misapplication of the sentencing law. See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993), cert. denied, 115 S.Ct 290 (1994); Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir. 1991); Miller v. Vasquez, 868 F. 2d 1116, 1118-19 (9th Cir. 1989) (refusing to address sentence enhancement claim).

      For all of these reasons, the instant petition in deficient. Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case. If Petitioner is unable to state claims that invoke this Court's habeas jurisdiction, the Court will recommend that the petition be dismissed for lack of jurisdiction. In this vein, Petitioner is advised that merely placing a "due process" label on an alleged violation of state law does not entitle Petitioner to federal relief. Langford v. Day, 110 F.3d 1386, 1388-89 (1996). Broad, conclusory allegations of unconstitutionality are insufficient to state a cognizable federal habeas claim. Jones v. Gomez, 66 F.3d 199, 205 (9th Cir.1995); Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (bald assertions of ineffective assistance of counsel did not entitle the petitioner to an evidentiary hearing); see also Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999), *citing* Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("general

appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion). A petitioner in federal court cannot merely characterize some state act as unconstitutional and expect the court to explore all possible grounds under each article and amendment of the Constitution.

Accordingly, it is HEREBY ORDERED that:

1. Petitioner is GRANTED 30 days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that complies with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 13, 2015**              **/s/ Jennifer L. Thurston**
                 UNITED STATES MAGISTRATE JUDGE